AUDIOTEXT COMMUNICATIONS NETWORK, INC., and Connections U.S.A., Inc., Plaintiffs,

v.

US TELECOM, INC. d/b/a Sprint Telemedia f/k/a Sprint Gateways, Defendant.

Civ. A. No. 94–2395–GTV.

United States District Court, D. Kansas.

Dec. 14, 1995.

John R. Loss, Field, Gentry & Benjamin, P.C., Kansas City, MO, Martin H. Samson, Bruce Turkle, Guy E. Owen, Phillips, Nizer, Benjamin, Krim and Ballon, New York, NY, Ronald J. Marlowe, Fowler, White, Burnett, Hurley, Banick and Stickroot, P.A., Miami, FL, William Jarblum, James Turken, Amy Rubinfeld, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Audiotext Communications Network, Inc. and Connections U.S.A., Inc.

Julie E. Grimaldi, Stephen R. Tatum, Susan Carol Langston, Sprint Communications Company L.P., Law Department, Kansas City, MO, Keith E. Drill, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Laura Besvinick, Davis, Scott, Weber & Edwards, Miami, FL, Denise M. Anderson, Anderson Platts Law Firm, Kansas City, MO, for US Telecom, Inc.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This is a diversity jurisdiction suit for breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty. Plaintiffs originally brought the case in the United States District Court for the Southern District of Florida. Subsequently, the Florida court ordered the case transferred to this court (Doc. 53) pursuant to 28 U.S.C. § 1404(a). This matter is before the court on defendant's motion for judgment on the pleadings, or in the alternative, for summary judgment and to dismiss (Doc. 152). On October 25, 1995, the court heard oral argument on the motion. At the hearing, the court granted both parties time to file additional briefing.[1] The briefing is now completed and the court is prepared to rule.

For the reasons set forth below, defendant's motion is granted in part and denied in part.

## I.  BACKGROUND

Plaintiffs Audiotext Communications Network Inc. (Audiotext) and Connections U.S.A., Inc. (Connections) allege in their complaint that they are involved in the telecommunications industry as information providers that offer messages on a pay-per-call basis to callers through the use of 900 numbers. Plaintiffs allege that defendant US Telecom, Inc. d/b/a Sprint Telemedia f/k/a Sprint Gateways (Sprint) is involved in the telecommunications industry as a provider of services to information providers, including billing and collection services.

The participants in a 900 service typically involve: (1) a provider of long distance service (such as defendant); (2) an information provider (such as plaintiffs), which provides information at set prices charged to the caller; and (3) a local exchange company, which transmits the call locally and bills for the 900 service as part of the caller's telephone bill.

Both plaintiffs entered into separate written "Information Provider" agreements with defendant to purchase services such as providing connections for the 900 numbers, transport of calls placed to those numbers, and billing and collection for each telephone call to the information provider through the caller's local telephone company's billing process. Plaintiff Audiotext also entered into a factoring agreement with defendant regarding billing and collection services.

Plaintiffs allege that defendant breached certain obligations to them under the information provider agreements by, among other things: (a) not accurately disclosing information regarding defendant's billing capabilities; (b) withholding more monies than allowed under the agreements with plaintiffs relating to billing and collection services and factoring of accounts receivable; (c) failing to enter into agreements with local exchange companies for billing and collection services; and (d) failing to provide effective billing and

---

1.  Plaintiffs request additional oral argument on the issues addressed in the supplementary briefs. The request is denied because the court has determined that additional oral argument will not assist materially in the resolution of the motion. D.Kan.R. 7.2.

collection services. Further, plaintiffs assert that defendant's conduct prior to contract formation and during the contract period was tortious.

Plaintiffs' complaint includes 26 counts which assert claims of fraud, negligent misrepresentation, breach of fiduciary duties, and breach of contract.

## II. DISCUSSION

Defendant presents four issues in its motion. First, defendant contends that plaintiffs have not stated a claim or presented sufficient facts to establish a claim for breach of fiduciary duty. In their supplemental motion, defendant asserts that all of plaintiffs tort claims are barred by Florida's "economic loss rule." Second, defendant seeks to enforce the limitation of liability clause contained in the contracts. Third, defendant contends that plaintiffs' tort claims are barred by the Kansas two-year statute of limitations. Finally, defendant argues that plaintiffs are not the real parties in interest. Because the parties have submitted materials outside the pleadings, the court will consider defendant's motion as one for summary judgment. Fed.R.Civ.P. 56.

■ In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the

nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## A. TORT CLAIMS

Defendant contends that plaintiffs' claims for breach of fiduciary duty in Counts 21, 22, and 24 of the complaint should be dismissed under Fed.R.Civ.P. 12(c) or 56. In its supplemental motion, defendant seeks dismissal of all of the tort claims under Florida's economic loss rule. Initially, it is necessary to determine whether Florida or Kansas law applies.

### 1. Choice of Law

■ In its original motion, defendant argues that Kansas law applies pursuant to the choice of law provisions in each of the contracts. The provisions state that the "construction, interpretation, and performance of this Agreement shall be governed by the laws of the State of Kansas." While this provision controls the breach of contract claims, it does not control the tort claims. *See Ritchie Enterprises v. Honeywell Bull, Inc.,* 730 F.Supp. 1041, 1046 (D.Kan.1990) (contractual choice of law provision controlled contract claims, not tort claims).

■ As stated in the court's January 9, 1995 memorandum and order, when a diversity case is transferred pursuant to 28 U.S.C. § 1404(a), the court must apply the choice of law rules of the state in which the transferring court sits. *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964); *Schreiber v. Allis–Chalmers Corp.,* 611 F.2d 790, 792 (10th Cir. 1979). In the present case, the court must apply Florida choice of law rules. In the previous order, we determined that Florida

law would uphold the contractual choice of law provision. Thus, Kansas law applies to the contract claims.

Plaintiffs' tort claims include fraud, negligent misrepresentation, and breach of fiduciary duties. Applying Florida's choice of law rules to the tort claims, it appears that Florida law should govern these claims. "Under Florida law, the 'significant relationship test' is to be applied to determine the law governing tort claims." *Id.* (citing *Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999 (Fla.1980). In tort actions involving more than one state, all substantive issues should be determined in accordance with the law of the state having the most significant relationship to the occurrence and the parties. *Bates v. Cook, Inc.,* 509 So.2d 1112, 1113 (Fla.1987).

Applying the facts in this case, the court concludes that Florida has the most significant relationship to the occurrence and the parties involved. Plaintiffs are both located in Florida and are duly organized under the laws of Florida with their principal offices in Fort Lauderdale (Connections) and North Miami (Audiotext). In addition, defendant also maintains a local office in South Florida. Defendant's employees visited the plaintiffs in Florida on several occasions, but plaintiffs have never been to any of the defendant's offices in Kansas or Missouri. All face-to-face discussions between the plaintiffs and defendant took place in Florida. Arguably, any injury also occurred in Florida. Defendant's alleged misrepresentations were made through correspondence and telephone calls to Florida, and defendant's telephone switch which captured plaintiffs' 900 calls is located in Florida. Finally, in its order transferring venue to the District of Kansas, the Southern District of Florida Court stated that a "substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida." (Doc. 53). The court concludes that Florida law shall apply to the plaintiffs' tort claims.

### 2. Florida Law

The court indicated at the hearing held on October, 25, 1995, that it would apply Florida law to the tort claims. As a result, the parties were allowed to supplement their briefing on the issue of whether plaintiffs' tort-based claims are barred under the Florida's "economic loss rule."

Under Florida law, parties to a contract cannot seek damages in tort unless there is conduct that establishes a "tort 'distinguishable from or independent of [the] breach of contract.'" *Interstate Securities Corp. v. Hayes Corp.,* 920 F.2d 769, 773 (11th Cir.1991) (quoting *AFM Corp. v. Southern Bell Tel. & Tel. Co.,* 515 So.2d 180, 181 (Fla.1987)). In *AFM,* the Florida Supreme Court concluded that "without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic-losses." *AFM Corp.,* 515 So.2d at 181–82. This doctrine is known as the economic loss rule:

> The rationale for this rule is that tort and contract law must be held apart in order to foster the reliability of commercial transactions. Where the parties have limited liability and allocated risk by agreement, tort remedies should not be allowed to supersede the parties' prior understanding of the consequences of deficient performance. Contractual duties are imposed by agreement between the parties; the scope of those duties, and of liability for their breach, are limited by the agreement. Tort duties are imposed by society, are not limited by the understanding of the parties, and their breach may result in far more extensive remedies.

*Leisure Founders, Inc. v. CUC Int'l, Inc.,* 833 F.Supp. 1562, 1572 (S.D.Fla.1993).

Plaintiffs' tort claims include fraud (Counts 1–4), negligent misrepresentation (Counts 5–6), and breach of fiduciary duties (Counts 21, 22, and 24). The court will address each of these tort claims in light of Florida's economic loss rule.

In *Interstate Securities,* 920 F.2d at 777, the Eleventh Circuit Court of Appeals held that a claim for breach of fiduciary duty which arises out of a contract is foreclosed as a matter of Florida law under the economic loss rule doctrine. In addition, a claim for negligent misrepresentation is barred under

the economic loss rule unless plaintiff has presented evidence of conduct which amounts to an independent tort distinguishable from the claim for breach of contract. *Friedman v. South Carolina Ins. Co.*, 1995 WL 89447 (M.D.Fla.1995).

■ In the supplemental briefing, plaintiffs attempt to establish that their claims for breach of fiduciary duty and negligent misrepresentation are separate and independent from the contract. Plaintiffs fail, however, to properly support their arguments with citation to the record. In addition, plaintiffs' tort claims basically mirror their breach of contract claims. Plaintiffs have failed to allege and have not presented any evidence that the tortious conduct of defendants is independent of the breach itself. Plaintiffs also have failed to establish that they have suffered personal injury or property damage because of the alleged tortious conduct that is separate from the breach of contract damages. Thus, the economic loss rule bars plaintiffs' claims of breach of fiduciary duty and negligent misrepresentation.

■ Plaintiffs' fraud claims allege both fraud in the inducement (Counts 1 and 2) and fraud in the performance (Counts 3 and 4). Generally, the economic loss rule bars fraud in the performance claims, but not fraud in the inducement claims. *Williams Electric Co. Inc. v. Honeywell, Inc.*, 772 F.Supp. 1225, 1238 (N.D.Fla.1991); *see also Brass v. NCR Corp.*, 826 F.Supp. 1427, 1428 (S.D.Fla.1993). "A claim for willful breach of contract is still a claim for breach of contract, and does not give rise to tort remedies, e.g., punitive damages, no matter how oppressive the breach." *Leisure Founders*, 833 F.Supp. at 1572. Plaintiffs' claims for fraud in the performance mirror their claims for breach of contract. "It is clear that Florida law bars all claims for fraud where the plaintiff has a remedy in contract for the breach." *Id.* Thus, the court concludes that defendant is entitled to summary judgment on plaintiffs' fraud in the performance claims.

■ Finally, plaintiffs have alleged that defendant fraudulently induced them into contracting. To establish a claim for fraud in the inducement, plaintiffs must show:

(1) a misrepresentation of a material fact; (2) that the representer knew or should have known that the statement was false; (3) the representer's intent to induce another to rely and act upon the misrepresentation; and, (4) a resulting injury to the party acting in justifiable reliance on the representation.

*Moro–Romero v. Prudential–Bache Securities, Inc.*, 1991 WL 494175, at *6 (S.D.Fla. 1991). Plaintiffs allege that defendant misrepresented the scope and capability of its billing network in order to "trick" plaintiffs into entering the information provider agreements. Plaintiffs allege that they relied on defendant's representations in choosing defendant's inferior services over AT & T's superior billing capabilities. The court concludes that plaintiffs have presented sufficient evidence of their claim of fraud in the inducement to avoid summary judgment. These claims remain for trial.

**B. LIMITATIONS OF DAMAGES BY CONTRACT**

■ Next, defendant argues that the court should limit plaintiffs' damages to the amount specified in the contract. The Information Provider agreements provide that:

A. [Sprint's] entire liability resulting from [Sprint's] failure to perform any of its obligations under this Agreement shall be [plaintiffs'] actual, direct damages as might be provable in a court of law, but not to exceed the amount paid to [Sprint] by [plaintiffs] for monthly services pursuant to this Agreement.

B. IN NO EVENT SHALL [SPRINT] BE LIABLE FOR: (1) ANY INCIDENTAL, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES RESULTING FROM THE INTERRUPTION OR DISCONTINUANCE OF THE SERVICES FURNISHED BY [SPRINT], THE DESTRUCTION OF DAMAGE OF [PLAINTIFFS] PROGRAMMING OR OTHER INFORMATION, OR ANY LOST REVENUES OR PROFITS OF [PLAINTIFFS] OR ANY THIRD PARTY, EVEN IF [SPRINT] HAS BEEN

ADVISED, KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY OF SUCH DAMAGES, OR (2) CLAIMS, DEMANDS OR ACTIONS AGAINST [PLAINTIFFS] BY ANY THIRD PARTY.

Kansas courts generally will uphold a provision in a contract limiting a party's liability if it is not unconscionable or contrary to public policy. *See Wille v. Southwestern Bell Tel. Co,* 219 Kan. 755, 549 P.2d 903 (1976) (where the court upheld clause limiting liability for a mistake in a yellow pages advertisement to the cost of the advertisement). Absent a showing of fraud, mistake, or duress, a party who has fairly and voluntarily entered into a contract is bound by the terms of the contract notwithstanding that it is unwise or disadvantageous to the party. *Id.*

There is no evidence that plaintiffs were unaware of the limitation of liability clause when they entered the contracts. It does not appear that there was a great inequality of bargaining or economic power, although defendant did have superior knowledge of its billing and collection capabilities. All parties are sophisticated business persons. Thus, the court concludes that the contracts were not unconscionable.

Plaintiffs argue that their damages should not be limited to the amount specified in the contracts on the grounds that they entered and remained in the contracts due to defendant's fraud and misrepresentations about its billing and collection capabilities.

If plaintiffs are able to prove fraud in the inducement, their recovery is not limited to the contracted amount. However, the court concludes that plaintiffs' claims for damages on the breach of contract claims shall be limited by the contractual provisions. *See TBG, Inc. v. Bendis,* 845 F.Supp. 1459 (D.Kan.1994) (recovery for fraud claims not limited by contract, but claims arising under the contract are limited to the amount specified in the contract).

## C. STATUTE OF LIMITATIONS

Defendant contends that plaintiffs' tort claims (fraud, negligent misrepresentation, and breach of fiduciary duty) are barred by the applicable Kansas two-year statute of limitations. The only tort claims remaining for the court's consideration are those for fraud in the inducement.

Pursuant to the above choice of law analysis, Florida's statute of limitations governs the tort claims. Florida has a four-year statute of limitations for actions founded on fraud. F.S.A. § 95.11(3).

Connections entered into information provider agreements with defendant in May 1989 and February 1991. Connections alleges that defendant made its misrepresentations during negotiations in 1989 and through the contract period ending in December 1991. Defendant contends that Connections knew or should have known of the billing problems in June 1991.

Audiotext entered into information provider agreements with defendant on September 7, 1990 and January 17, 1991. Audiotext entered into a Factoring Agreement in October 1990. Audiotext alleges that defendant misrepresented its billing and collection capabilities during negotiations in late 1990 and early 1991, and continued its misrepresentations through the contract period ending in December 1991. Defendant contends that Audiotext knew or should have known of the billing problems by the end of the first quarter of 1991.

Plaintiffs filed their complaint on September 27, 1993. An action for fraud accrues under Florida law from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence. F.S.A. § 95.031(2); *Halkey–Roberts Corp. v. Mackal,* 641 So.2d 445 (Fla.Dist.Ct.App.1994). Assuming that plaintiffs discovered the misrepresentations in 1991, plaintiffs' fraud claims are not barred by the four-year statute of limitations because they brought suit prior to 1995.

## D. REAL PARTY IN INTEREST

Finally, defendant contends that plaintiffs are not the real parties in interest as required under Fed.R.Civ.P. 17(a), and that plaintiffs have failed to join all necessary

parties as required under Fed.R.Civ.P. 19. Defendant seeks dismissal of all claims.

Rule 17(a) provides that:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The purpose of Rule 17(a) is to ensure that the person who brings an action is entitled to enforce the right. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1543 (1971). Thus, the rule protects the defendant from subsequent suits by a party actually entitled to recover. *Id.*

### 1. Connections

■ Defendant asserts that Tel–Art Communications signed the first information provider agreement with defendant on behalf of Connections. Defendant contends that Tel–Art is the real party in interest and that Connections is not. The clause added to the end of the applicable information provider agreement states that:

> It is hereby understood that Tel–Art Communications, Inc. is acting as the management company for the new corporation being formed D/B/A CONNECTIONS USA. The new corporate name will be forthcoming within 30 days, before our service is actually turned on.

Defendant's motion for judgment on the pleadings, Exh. 4.

Arthur Levinson signed the agreement and is the president of Tel–Art and Connections. The court concludes that plaintiff Connections is the real party in interest because it is a party to the contract. Defendant's motion is denied.

### 2. Audiotext

■ Defendant makes several arguments with respect to plaintiff Audiotext's right to bring this action. First, defendant contends that Audiotext is no longer doing business and that it transferred its business to either American Communication Network, Inc. or American Telnet, Inc. Defendant contends that one of these parties is the real party in interest.

Next, defendant contends that Audiotext functioned as a service bureau for other non-party information providers (TRI–X, Hitech, Wayne Siegel, Brenda Brock, LIPS, NHW Enterprises and BBW, Inc.) who may be the real parties in interest or are at least necessary parties to the action. While these other information providers were not parties to the contract between defendant and Audiotext, defendant contends that they could potentially assert third-party beneficiary claims against defendant. Defendant seeks joinder of the parties under Rule 19(a). If joinder is not possible, defendant seeks dismissal of the claims.

Finally, defendant contends that Audiotext has no standing to assert the claims and seek damages for the 900–number calls in which Audiotext acted as a service bureau. Defendant contends that Audiotext remitted monies to the non-party information providers for programs which ran on the Sprint network. Defendant also contends that Audiotext passed along charges to these information providers. Defendant asserts that Audiotext is not entitled to recover lost revenue for calls that it passed on to its own information providers after Audiotext deducted its fee. In essence, defendant claims that many of the damages claimed by Audiotext have been passed on to its information providers and that Audiotext cannot recover for damages not actually sustained.

Defendant's arguments are not persuasive to the court. First, Audiotext is a real party in interest because it was a party to the information provider agreements. Second, the court will not order the joinder of additional parties at this stage in the litigation. Defendant had sufficient opportunity to make a motion for joinder prior to the eve of trial. The court will not delay this action further

by granting defendant's joinder request at this time. Finally, it is Audiotext's burden to prove the damages it actually sustained at trial. The court does not find it necessary to join the other information providers to resolve the issue of Audiotext's damages. The court concludes that all necessary parties are before the court in this action. Defendant's motion is dismiss is denied.

## III. CONCLUSION

Defendant's motion is granted in part and denied in part. First, Florida's economic loss rule bars plaintiffs' claims for negligent misrepresentation, breach of fiduciary duty and fraud in the performance. Plaintiffs' claims for fraud in the inducement remain for trial. Second, plaintiffs' breach of contract claims are limited as provided in the contracts. The contract liability limitation provisions do not apply to plaintiffs' claims for fraud in the inducement. Third, plaintiffs' fraud claims are not barred by Florida's statute of limitations. Finally, plaintiffs Connections and Audiotext are the real parties in interest. The court will not allow joinder of additional parties at this stage in the proceedings.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for judgment on the pleadings, or in the alternative for summary judgment and to dismiss (Doc. 152) is granted in part and denied in part as described in this memorandum and order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**