**FLEMING COMPANIES, INC., Plaintiff,**

**v.**

**GAB BUSINESS SERVICES, INC., et al., Defendants.**

**No. Civ.A. 99–2061–GTV.**

United States District Court, D. Kansas.

June 14, 2000.

Kurt D. Tilton, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Peter J Gleekel, Winthrop & Weinstine, P.A., St. Paul, MN, for MF Bank Company Inc, defendant.

## MEMORANDUM AND ORDER

VANBEBBER, District Judge.

Plaintiff Fleming Companies, Inc. ("Fleming") brings this action in diversity against Defendants GAB Business Services, Inc. ("GAB") and M.F. Bank and Company, Inc. ("M.F.Bank"). Fleming claims that it should be indemnified from liability for storage fees incurred at the storage facility in Kansas City, Kansas owned by Americold Corporation ("Americold") because its liability arose as the result of Defendants' misrepresentations. M.F. Bank has brought a cross-claim against GAB, claiming that it should be indemnified from liability for the storage fees because it was acting as GAB's agent. The case is now before the court on M.F. Bank's Motion for Summary Judgment (Doc. 38) and GAB's Motion for Summary Judgment (Doc. 41). For the reasons set forth below, both motions are denied.

### I. Factual Background[1]

The following facts are either uncontroverted or based on evidence submitted in summary judgment papers and viewed in a light most favorable to the nonmovant. Immaterial facts and facts not properly supported by the record are omitted.

Edward S. Sloan, Paul H. Niewald, Niewald, Waldeck & Brown, P.C., Kansas City, MO, for Fleming Companies Inc, plaintiff.

Lawrence D. Greenbaum, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for GAB Business Services, Inc., defendant.

This action is one of many spawned by a fire that occurred on December 28, 1991 at the Americold underground refrigerated storage facility in Kansas City, Kansas. At that time, Americold was leasing storage space at the facility to Fleming, and millions of dollars' worth of Fleming's food product was damaged or destroyed in the

1. The court admonishes the parties to familiarize themselves with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Kansas ("Local Rules"), in particular Local Rule 56.1. By lacing the factual sections of their memoranda with legal argument, in contravention of that Local Rule, the parties made the court's task in this case more difficult than it needed to have been. In addition, the court reminds the parties that Local Rule 56.1 calls for a statement of facts that is concise.

fire. Fleming's insurance broker retained GAB as the adjuster. Fleming and its insurer retained M.F. Bank to salvage the product. On January 23, 1992, Fleming, M.F. Bank, and Fleming's insurance company (through GAB) entered into a Salvage Agreement, which provided that M.F. Bank would inspect and resell or destroy Fleming's damaged food product in exchange for 10% of the gross proceeds of the resale of the stock, and reimbursement of its expenses. The Salvage Agreement provided that "M.F. Bank has been retained by the Insurance Company" to perform these duties.

On June 25, 1992, Fleming notified Americold that "[o]ur insurance company has reimbursed us for all the damage to the product and the inventory is in their ownership." Fleming wrote to GAB on July 23, 1992, questioning the viability of continued salvage efforts and asking GAB either to expedite or to finish the salvage operation so that Fleming would not be further delayed in resuming its processing operation at the facility. Fleming wrote that "we will look to GAB, M.F. Bank and our insurers to defend, indemnify and hold us harmless from any loss cost or expense arising out of these salvage efforts."

On August 12, 1992, Americold's counsel wrote GAB and M.F. Bank a letter memorializing an agreement to transfer Fleming product into a public storage area in the facility designated as Room 27, and to store it there. On August 13, 1992, GAB wrote Fleming to update it on the removal operation, and stated that "[e]xpense for the transfer and storage by Americold will be paid by MF Bank & Company and not charged to Fleming Companies ... [GAB] will pay expenses to move [a neighbor's] product to another room should that be necessary." On August 14, 1992, Fleming wrote to Americold confirming that it had authorized M.F. Bank to move, dispose of, and sell product on its behalf.

Fleming and its insurers filed an action in September 1992 against Americold in Wyandotte County, Kansas District Court (Case No. 92 C 4040), which was removed to this court (Case No. 92–2375–JWL). That action, in which Fleming asserted "Tenant Claims arising out of or relating to" the 1991 fire, was settled in an agreement dated March 10, 1994. In the agreement, Americold agreed to stipulate to judgment in favor of Fleming, and Americold released Fleming from "all claims arising out of, relating to or resulting from the 1991 fire, or the Americold Facility."

In June 1994, Americold filed an action against GAB and M.F. Bank in Wyandotte County, Kansas District Court, seeking payment of the Room 27 storage charges (Case No. 94 C 2674). GAB and M.F. Bank successfully defended the suit by arguing that they were acting as agents for Fleming. See Americold v. GAB Bus. Servs., Inc., No. 94 C 2674, slip op. at 10–11 (Kan.D.Ct. Aug. 31, 1995), aff'd per curiam, No. 76,324, slip op. at 2 (Kan.Ct. App. Oct. 31, 1997). Thereafter, Americold moved to amend its petition to add Fleming as a defendant, but its motion was denied. See Americold v. GAB Bus. Servs., Inc., No. 94 C 9674, slip op. at 4 (Kan.D.Ct. Jan. 30, 1996).

Americold then brought an action in the same court against Fleming for the Room 27 storage charges (Case No. 96 C 4390). Americold also sued Fleming in this court, seeking unpaid lease payments and utility charges (Case No. 97–2102–GTV). Both cases were settled according to a document executed on June 15, 1998 entitled "Mutual Release of Claims." Under the terms of the agreement, Fleming agreed to pay to Americold "all sums recovered by Fleming in Fleming's prosecution of claims against parties who may be found liable to Fleming for the $235,000 judgment entered against Fleming in [Case No. 96 C 4390]." Judgment in the amount of $235,000 was entered in Case No. 96 C 4390 on October 2, 1998.

On February 16, 1999, Fleming filed its complaint against GAB and M.F. Bank in this action.

## II. Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it is essential to the proper disposition of the claim. *See id.* Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be met by showing that there is a lack of evidence to support the non-moving party's case. *See id.* at 325, 106 S.Ct. 2548. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court must consider the record in the light most favorable to the nonmoving party. *See Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

## III. Analysis

### A. GAB's Motion for Summary Judgment

GAB argues in its Motion for Summary Judgment that: Fleming has failed to state a claim for indemnity; the statute of limitations on Fleming's cause of action has expired; Fleming is not the real party in interest; Americold released Fleming's claims in the March 1994 settlement agreement; and Fleming cannot recover attorney's fees.

#### 1. Indemnity

GAB argues that Fleming has not stated a valid claim for indemnity because no contract for indemnity exists, the doctrine of implied indemnity does not apply to Fleming's claims because the relationship between these litigants was contractual in nature, and no common law right of indemnity exists under which Fleming can recover. Fleming responds that it has incurred liability, from which it ought to be indemnified, arising out of tortious misrepresentations made by GAB and M.F. Bank while litigating the case brought by Americold (Case No. 94 C 2674).

Traditionally, two types of indemnity claims are allowed in Kansas:

The first occurs where there is an expressed contract of indemnity, such as a "hold harmless" agreement. The second occurs where a contract of indemnity may be implied when one is compelled to pay what another party ought to pay. The implied or constructive liability usually arises when one personally, without fault, is made to pay for a tortious act of another. The person paying has a right of action against the person at fault.

*Haysville U.S.D. No. 261 v. GAF Corp.,* 233 Kan. 635, 666 P.2d 192, 199 (1983).

In order to prove a claim for fraudulent misrepresentation of existing facts under Kansas law, the claimant must show (1) an untrue statement of material fact; (2) known to be untrue by the person making it; (3) made with an intent to

deceive or with reckless disregard for its truth or falsity; (4) the justifiable reliance by another party on the statement's truthfulness; and (5) injury as a result of the reliance. Negligent misrepresentation is a "lesser included" claim; it differs from fraudulent misrepresentation only in that, while the latter requires knowledge that the statement was false, the former merely requires that the person who made the statement failed to exercise reasonable care or competence to obtain or communicate true information.

*Eckholt v. American Bus. Info., Inc.,* 873 F.Supp. 510, 517–18 (D.Kan.1994) (citations omitted).

The court agrees with GAB that no express contract for indemnity exists. Fleming has, however, stated a valid claim for implied indemnity. After carefully considering the factual allegations and supporting documents, the court finds that a genuine issue of material fact exists as to whether Fleming is actually liable for the storage charges. Furthermore, the court finds that a genuine issue of material fact exists as to whether the parties ever intended that Fleming pay, and whether Defendants ought to pay. Finally, applying the standards set forth above, the court finds that a genuine issue of material fact exists as to whether Defendants committed the "tortious act" of misrepresentation, giving rise to Fleming's indemnity claim. *Haysville,* 666 P.2d at 199. Summary judgment is denied with respect to GAB's argument that Fleming has not stated a valid claim for indemnity.

### 2. Statute of Limitations

Defendants argue that, to the extent Fleming's action is for fraud or misrepresentation, it is barred by the two-year statute of limitations. The question is moot, however, because Fleming responds that it is not bringing an action for fraud or misrepresentation, but rather for indemnity from liability incurred as a result of Defendants' tortious conduct. "It is well settled in Kansas that an indemnity claim does not arise until the indemnitee becomes obligated to pay, whether by judgment or settlement." See *St. Francis Reg'l Med. Ctr., Inc. v. Critical Care, Inc.,* 997 F.Supp. 1413, 1433 (D.Kan.1997) (citing *Barbara Oil Co. v. Kansas Gas Supply Corp.,* 250 Kan. 438, 827 P.2d 24, 37 (1992)). Indemnity claims are considered contractual in Kansas. *See id.* (citing *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788, 799 (1980)). The statute of limitations on unwritten contracts is three years. *See* K.S.A. § 60–512(1) (1999). Fleming's obligation arose in June 1998, less than three years before Defendants were served in this action. Summary judgment is denied with respect to Defendants' statute of limitations argument.

### 3. Real Party in Interest

GAB argues that the real party in interest is Americold, not Fleming, and that this action should be dismissed because, were Americold the plaintiff in this action, it would be estopped from asserting a claim by the doctrine of claim preclusion. The court disagrees.

Fed.R.Civ.P. 17(a) requires "that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1543 (2d ed.1990). *See also Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* 912 F.Supp. 469, 477 (D.Kan.1995). To the extent that Fleming has the right to bring an action for indemnity from liability as the result of Defendants' tortious acts, it is the real party in interest. The court has concluded that Fleming has stated a valid claim for indemnity. Summary judgment is denied with respect to GAB's real party in interest argument.

### 4. Release of Claims

GAB argues that Fleming cannot assert a claim for indemnity from liability to Americold because Americold is prevented by its March 1994 settlement agreement with Fleming from bringing a

claim "arising out of, relating to or resulting from the 1991 fire, or the Americold Facility." Fleming disagrees, as evinced by its settlement with Americold in Case No. 96 C 4390. If Fleming's motivation for settling does not, by itself, create a genuine issue of material fact, the court has already concluded that issues of fact exist with respect to whether Fleming is actually liable for the storage fees. Summary judgment is denied with respect to GAB's argument regarding Americold's release of its claims against Fleming.

### 5. Attorney's Fees

 Finally, GAB argues that Fleming cannot compel it to pay attorney's fees under Kansas law. The court disagrees. Fleming seeks attorney's fees as damages incurred in defending the action brought by Americold (Case No. 96 C 4390), not as reimbursement for costs incurred in bringing this action. "[I]ndemnification, in an appropriate case, may include reasonable attorney fees incurred in the underlying action...." *Leiker v. Gafford,* 249 Kan. 554, 819 P.2d 655, 659 (1991), *overruled on other grounds by Martindale v. Tenny,* 250 Kan. 621, 829 P.2d 561, 566 (1992). Summary judgment is denied with respect to Fleming's claim for attorney's fees.

### B. M.F. Bank's Motion for Summary Judgment

 In its Motion for Summary Judgment, M.F. Bank argues: that Fleming's cause of action is barred by the statute of limitations; that M.F. Bank was the agent of GAB, Fleming, and Flemings insurers, and never made misrepresentations to Americold regarding the scope of its authority in relation to these purported principals; that M.F. Bank never agreed to pay the Room 27 storage charges; and that Fleming is barred by the doctrine of judicial estoppel from arguing that M.F. Bank was not its agent. In addition, alleging that it was acting as GAB's agent, M.F. Bank moves for summary judgment on its cross claim against GAB for indemnity.

The court denies summary judgment with respect to M.F. Bank's statute of limitations argument for the same reasons as those set forth in the court's discussion of GAB's Motion for Summary Judgment.

> The law recognizes two types of agencies—one actual, and the other ostensible or apparent.... To determine whether the record establishes an agency by agreement it must be examined to ascertain if the party sought to be charged as principal has delegated authority to the alleged agent by words which expressly authorize the agent to do the delegated act.... The test utilized by this court to determine if the alleged agent possesses implied powers is whether, from the facts and circumstances of the particular case, it appears there was an implied intention to create an agency.... An ostensible or apparent agent is one whom the principal has intentionally or by want of ordinary care induced and permitted third persons to believe to be his agent even though no authority, either express or implied, has been conferred upon him.

*Brown v. Wichita State Univ.,* 217 Kan. 279, 540 P.2d 66, 74–75 (1975). Applying the standards set forth above, the court finds that genuine issues of material fact exist as to whether M.F. Bank was an agent of GAB, and whether M.F. Bank was an agent of Fleming. Summary judgment is therefore denied with respect to M.F. Bank's agency and its cross-claim against GAB for indemnity.

Furthermore, the court finds that a genuine issue of material fact exists as to whether M.F. Bank agreed to pay for the storage charges. Summary judgment is denied with respect to the question of whether M.F. Bank agreed to pay for the storage charges.

 M.F. Bank argues that, because Fleming asserted in prior litigation that M.F. Bank was its agent, the doctrine of judicial estoppel bars Fleming from asserting in this litigation that M.F. Bank was not its agent. "The Tenth Circuit has

firmly established that it will not be bound by the doctrine of judicial estoppel." *Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1242 (10th Cir.1998). Summary judgment is denied with respect to M.F. Bank's judicial estoppel argument.

IT IS, THEREFORE, BY THE COURT ORDERED that M.F. Bank's Motion for Summary Judgment (Doc. 38) and GAB's Motion for Summary Judgment (Doc. 41) are denied.

Copies of this order shall be mailed to counsel of record.

**IT IS SO ORDERED.**